VALL, PLAINTIFF AND APPELLANT, v. NITRATE AGENCIES CO., DEFENDANT AND APPELLEE.

APPEAL from the First District Court of San Juan in an Action of Debt.—Memorandum of Costs.

No. 3059.—Decided January 28, 1924.

COSTS—ATTORNEY'S FEES—DISCRETION OF COURT.—Although an objection to a memorandum of costs may have been overruled as untimely, the trial judge may reduce the amount included therein for attorney's fees.

ID.—ID.—ID.—In the absence of a clear showing of abuse of discretion the Supreme Court will not increase the amount allowed by the lower court for attorney's fees.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for the appellant.

*Mr. H. F. Besosa* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In this case judgment was rendered against the defendant for the sum $1,624, with interest and costs, and the defendant appealed. The Supreme Court reduced the judgment to the sum of $1,124, with interest and costs, and affirmed it as modified. The case was remanded to the district court and the plaintiff presented his memorandum of costs containing an item of $500 for attorney's fees. The defendant filed objections to the memorandum, but not until the time allowed therefor had expired. The plaintiff moved to strike out the objections to the memorandum of costs and the court finally made the following ruling:

"The court sustained the plaintiff's motion to strike out the objections to the memorandum of costs because it was filed out of time, and considering the modification of the judgment by the superior

court and the power of the court to settle the memorandum of costs, it is approved after reducing to $250 the item of attorney's fees.''

From that ruling of the court the plaintiff took the present appeal, assigning in his brief the following errors:

''I. The court erred in holding in this case that it had authority to reduce the memorandum of costs, notwithstanding its admission that the objections thereto were filed out of time.

''II. The court erred in reducing the item of attorney's fees for the sole reason that the Supreme Court reduced the amount of the judgment in the sum of $500.

''III. The court erred in not holding that the work according to the record and the temerity of the defendant justified the item of $500 for attorney's fees, or at least the reduction was excessive.''

Assuming that when the objections were stricken out the district judge must be considered as placed in the same position for the purposes of the decision of the case as if the losing party had voluntarily failed to appear, yet we are of the opinion that the court had power to reduce the attorney's fees.

In accordance with the law and the jurisprudence the allowance of attorney's fees and the fixing of their amount are in this jurisdiction entirely within the sound discretion of the court. See *Fragoso* v. *Marxuach, ante,* page 634. It is logical that the losing party should complain and allege and prove such facts as may favor him, but even if the said party does nothing the court may act in the manner that it may deem just and proper. The matter is entirely under the court's control.

The first assignment of error being disposed of, let us consider and decide together the second and third assignments.

The fact that the Supreme Court reduced the amount of the judgment was clearly a matter properly to be considered by the district court, but even if it were not, as the real ground on which the action of the trial court was based

was the free exercise of its power to determine the case on its own merits as they appeared from the record, an abuse of its discretion would have to be shown, and after a careful consideration we do not feel inclined to hold that there was such abuse.

An examination of the decisions of this court will show that their tendency has been to reduce the amounts fixed by the district courts. A very meritorious case would have to be presented to warrant this court in interfering with the decision of the trial court so as to increase the amount allowed.

The order appealed from must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.